UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDWIN DAVID CORBETT,<br><br>             Petitioner,<br><br>   v.<br><br>MARGARET GILBERT,<br><br>             Respondent. | CASE NO. 3:16-CV-05817-RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: JANUARY 20, 2017 |

      Petitioner Edwin David Corbett filed a 28 U.S.C. § 2254 habeas petition challenging his 2007 conviction of rape of a child in the first degree. Dkt. 10, Exhibit 1. Respondent contends that the petition is barred by the federal statute of limitations. Dkt. 9. Petitioner filed a traverse. Dkt. 11.

      The Court finds that petitioner's federal habeas corpus petition is untimely because this federal habeas petition was filed more than one year after his state court judgment became final. There are no extraordinary circumstances in his case that require the application of equitable tolling principles. Therefore, this federal habeas petition should be dismissed with prejudice. The Court also recommends the denial of a certificate of appealability.

## STATE COURT PROCEDURAL BACKGROUND

**1. Direct Appeal**

Petitioner, through counsel, appealed his conviction. Dkt. 10, Exhibits 3, 4. The Washington Court of Appeals affirmed his judgment and sentence in an unpublished opinion. *Id*., Exhibit 2. Petitioner moved for reconsideration, and the Washington Court of Appeals denied the motion for reconsideration on December 17, 2010. *Id.,* Exhibits 5, 6. Petitioner did not seek review by the Washington Supreme Court and the Washington Court of Appeals issued its mandate on January 19, 2011. *Id.,* Exhibit 7. In 2012, petitioner, proceeding *pro se,* sought to recall the mandate and the Washington Court of Appeals denied his request. *Id.,* Exhibits 8, 9.

**2. Personal Restraint Petition**

Three years later, in August 2015, petitioner filed a personal restraint petition directly in the Washington Supreme Court. Dkt. 10, Exhibit 10, 11, 12. The Washington Supreme Court transferred the petition to the Washington Court of Appeals. *Id.,* Exhibit 13. The Washington Court of Appeals denied the petition. *Id*., Exhibit 14. Petitioner filed a motion for reconsideration, which the state courts interpreted as a motion for discretionary review. *Id*., Exhibit 15, 16, 17. The Washington Supreme Court denied the motion for review, holding that the personal restraint petition was without merit and untimely. *Id.,* Exhibit 18. Petitioner moved to modify the Commissioner's ruling. *Id.,* Exhibit 19. The Washington Supreme Court denied review on August 31, 2016. *Id.,* Exhibit 20. The Washington Court of Appeals issued a certificate of finality on September 8, 2016. *Id.,* Exhibit 21.

Petitioner filed this federal habeas corpus petition on September 21, 2016. Dkts. 1, 3.

//

//

**DISCUSSION**

**A. Statute of Limitations - 28 U.S.C. § 2244(d)**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a statute of limitations for petitions filed by prisoners challenging their custody under a state court judgment and sentence. 28 U.S.C. § 2244(d). Where the challenged judgment became final after April 24, 1996, the statute generally begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The time period for seeking certiorari is ninety days, according to the Supreme Court Rule 13. *Id.* However, the judgment becomes final on an earlier date where the direct review has terminated prior to reaching the state's highest court. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the petitioner never files a timely direct review, the direct review process concludes upon expiration of time for seeking such review, and the judgment becomes final on that date. *Gonzalez*, 132 S. Ct. at 653-54.

In this case, on direct appeal, the Washington Court of Appeals denied petitioner's motion for reconsideration on December 17, 2010. Dkt. 10, Exhibit 2, 6. Petitioner had thirty days -- until January 17, 2011 -- to seek review by the Washington Supreme Court. RAP 13.4(a). However, petitioner did not seek review by the Washington Supreme Court and the judgment became final on January 17, 2011. On January 19, 2011, the Washington Court of Appeals issued its mandate. Dkt. 10, Exhibit 7.

Thus, the AEDPA's one-year statute of limitations began running on January 17, 2011. 28 U.S.C. § 2244(d)(1)(A) (The limitation period shall run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review); *Gonzalez*, 132 S. Ct. at 653-54. Petitioner filed his first personal restraint petition in August 2015. Dkt 10, Exhibits 10, 11, 12. However, by that time, the AEDPA statute of limitations had run out and petitioner was time-barred from filing his federal habeas corpus petition. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (an untimely state court petition for post-sentence relief does not toll federal statute of limitations because petition did not constitute a "properly filed" petition); *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (per curiam), *reh'g denied*, 552 U.S. 1132 (it is immaterial for purposes of § 2244(d)(2) whether a state time limit is jurisdictional or is instead an affirmative defense). Petitioner's federal habeas petition was not signed and submitted for filing in this Court until September 21, 2016. Dkt. 1-1 at 14.

In addition, petitioner fails to show any basis for equitable tolling. The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (*quoting Pace*, 544, U.S. at 418). Equitable tolling is appropriate where external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Whether a petitioner is entitled to equitable tolling is a fact-specific inquiry. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *See Miles*, 187 F.3d at 1105-07 (equitable tolling appropriate where prison official failed to properly

process for mailing a timely submitted petition); *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001) (equitable tolling not appropriate where attorney miscalculated the statute of limitations deadline).

Petitioner alleges that his petition is untimely because the "reasonable time for seeking post conviction relief from a Judgment or Order on grounds that it is void or for any other reason justifying relief is not limited to one year in all cases." Dkt. 3 at 13-14 (*citing* RCW 10.73.100). However, RCW 10.73.100 pertains to post conviction relief in Washington state court, not federal habeas corpus petitions. Petitioner also alleges that his appellate counsel "failed to present every legal and meritous [sic] argument that was available to ensure a reverse in favor of [petitioner]. [Petitioner's] appellate counsel failed to keep him abreast [of] what was transpiring with his direct appeal thus hindering his ability for post-conviction relief." *Id.* at 13. This allegation related to his appellate counsel is the subject of one of the claims for relief in this petition.

Attorney negligence is not a sufficient basis for applying equitable tolling to the Section 2244(d)(1) limitation period. *Holland v. Florida,* 560 U.S. 631 (2010); *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010); *see, e.g., Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (attorney miscalculation of limitations period insufficient to warrant equitable tolling); *Randle v. Crawford* 604 F.3d 1047,1057–58 (9th Cir. 2005) (rejecting claim for equitable tolling based on counsel's alleged negligence in failing to perfect appeal). Attorney misconduct may constitute an extraordinary circumstance warranting equitable tolling only where the conduct is "sufficiently egregious." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010); *Spitsyn v. Moore,* 345 F.3d 796, 800, 801 (9th Cir. 2003) (equitable tolling warranted where attorney was hired nearly a full year in advance of the deadline but completely failed to prepare and file a petition, was contacted by

1  petitioner and his mother numerous times by telephone and in writing, and retained the file
2  beyond the expiration of the statute of limitations).
3      In order to obtain equitable tolling, petitioner has the burden to show that the pursued his
4  rights diligently and that there were extraordinary circumstances that prevented his filing. *See*
5  *Pace,* 544 U.S. at 418. Petitioner has failed to meet that burden. The Washington Court of
6  Appeals issued its mandate on January 19, 2011, informing petitioner that its decision on
7  November 16, 2011 became the decision terminating review. Dkt. 10, Exhibit 7. According to
8  petitioner's request to recall the mandate filed on July 19, 2012, he alleges that he never received
9  a copy of the mandate in January 2011. Dkt. 10, Exhibit 8. The Washington Supreme Court
10 responded in a letter from the Clerk on August 16, 2012. Dkt. 10, Exhibit 8A. The Clerk
11 informed petitioner that the Washington Court of Appeals had issued a mandate in the case on
12 January 19, 2011. *Id.* Petitioner does not dispute that he received this letter from the Clerk. Thus,
13 even assuming petitioner did not receive a copy of the January 2011 mandate, petitioner was
14 made aware of the state court's decision in August 2012. Accordingly, any alleged failures by
15 appellate counsel occurred no later than August 2012, the date on which petitioner knew that his
16 conviction became final, several months before the statute of limitations expired. It was not
17 reasonable for petitioner to wait over three years before filing his first collateral challenge in
18 state court and over four years before filing his federal habeas petition. Petitioner fails to show
19 how the alleged failures of his appellate counsel, even assuming such failures constitute
20 ineffective assistance, caused him to file an untimely federal petition or that he exercised
21 diligence in the matter.

1    Accordingly, the Court finds that petitioner's request for equitable tolling should be

2 denied. The Court concludes that his petition is time barred under 28 U.S.C. § 2244(d)(1) and

3 should be dismissed.

4    **B.  Certificate of Appealability**

5    A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a

6 district court's dismissal of the federal habeas petition only after obtaining a certificate of

7 appealability from a district or circuit judge.  A certificate of appealability may issue only if

8 petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C.

9 § 2253(c)(2).  Petitioner satisfies this standard "by demonstrating that jurists of reason could

10 disagree with the district court's resolution of his constitutional claims or that jurists could

11 conclude the issues presented are adequate to deserve encouragement to proceed further."

12 *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484

13 (2000)).  Pursuant to this standard, this Court concludes that petitioner is not entitled to a

14 certificate of appealability with respect to this petition.

15    **CONCLUSION**

16    Based on the foregoing, the Court recommends that this petition (Dkt. 3) be dismissed

17 with prejudice. No evidentiary hearing is required and a certificate of appealability should be

18 denied.

19    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure

20 (Fed. R. Civ. P.), the parties shall have fourteen (14) days from service of this Report and

21 Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections

22 will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140

23

24

1  (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the

2  matter for consideration on **January 20, 2017**, as noted in the caption.

3      Dated this 27th day of December, 2016.

                                                J. Richard Creatura
                                                United States Magistrate Judge